UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:25-cv-20973-LEIBOWITZ/TORRES

**FEDERAL TRADE COMMISSION**,

    *Plaintiff,*

v.

**CLICK PROFIT, LLC,** *et al.*,

    *Defendants.*

_____/

## **ORDER**

The Court held a hearing on March 26, 2025, at which counsel for Plaintiff and Defendants appeared as well as the Receiver Maria Yip and her counsel. [*See* ECF No. 61]. The Court made rulings at the March 26, 2025, hearing, which are memorialized in this Order. To the extent the Court made additional or more detailed rulings on the record that are not memorialized in this written Order, those rulings are binding on the parties as set forth on the record.

The Court heard oral argument on the following motions: Defendant William Holton's Expedited Motion Pursuant to Fed. R. Civ. P. 65(b)(4) to Dissolve the Temporary Restraining Order [ECF No. 46]; Defendants Jason Masri, Automation Industries LLC, and Click Profit Distribution LLC's Partially Unopposed Motion to Modify the Temporary Restraining Order [ECF No. 56]; and Defendants Craig Emslie and Patrick McGeoghean's Partially Unopposed Motion to Modify the Temporary Restraining Order [ECF No. 57].

For the following reasons, Defendant William Holton's Expedited Motion Pursuant to Fed. R. Civ. P. 65(b)(4) to Dissolve the Temporary Restraining Order [ECF No. 46] is DENIED. Under Rule 65(b)(4) of the Federal Rules of Civil Procedure, an adverse party to a temporary restraining order issued without notice may "appear and move to dissolve or modify the order." Fed. R. Civ. P.

65(b)(4).  "The court must then hear and decide the motion as promptly as justice requires."  *Id.*  "On a motion to dissolve a temporary restraining order, the party that obtained the order bears the burden of justifying continued injunctive relief."  *Lapa v. JP Morgan Chase Bank, N.A.*, 2022 WL 3290677, at *2 (S.D.N.Y. Aug. 11, 2022) (citing *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 443 (1974)); *accord Gilead Scis., Inc. v. Safe Chain Sols., LLC*, 684 F. Supp. 3d 51, 63 (E.D.N.Y. 2023).  "A district court need not find proof of changed circumstances in modifying a temporary restraining order … but rather applies its discretion in exercising the trial court's inherent power to modify its orders."  *KDH Consulting Grp. LLC v. Iterative Cap. Mgmt. L.P.*, 2020 WL 2554382, at *5 (S.D.N.Y. May 20, 2020).

The Court may issue a temporary restraining order if the FTC proves both (1) a likelihood of ultimate success on the merits, and (2) that the balancing of equities favors such action.  *FTC v. IAB Mktg. Assocs.*, LP, 746 F.3d 1228, 1232 (11th Cir. 2014); *FTC v. Univ. Health, Inc.*, 938 F.2d 1206, 1217 (11th Cir. 1991).  "Unlike private litigants, the FTC need not demonstrate irreparable injury in order to obtain injunctive relief," *IAB Mktg. Assocs.*, 746 F.3d at 1232, and the FTC need not prove a "substantial" likelihood of success, *see Univ. Health*, 938 F.2d at 1217–18.  The reduced burden only requires the Court to consider the likelihood of ultimate success by the FTC and a balancing of equities between the parties.  *Id.*  The Court finds here that based on the evidence presented by the parties, the grounds for originally granting the Temporary Restraining Order remain the same.  The FTC has established that it is likely to succeed on the merits as to Mr. Holton and that the balance of the equities support continued injunctive relief as to him.

The Court will allow a modification of the asset freeze of the Temporary Restraining Order as to Mr. Holton so he may pay for living expenses and attorney's fees, pending representations by Mr. Holton to the FTC and the FTC's confirmation.  Mr. Holton shall represent to the FTC that he has complied with all sworn disclosures as required by the Temporary Restraining Order [ECF No. 15] **no later than March 28, 2025**.  The FTC shall confirm the same **no later than March 29, 2025**.

Pending that confirmation, the FTC shall unfreeze the four (4) accounts discussed on the record at the hearing as to Mr. Holton **within two days**.

It is hereby **ORDERED** as follows:

1. Defendant William Holton's Expedited Motion Pursuant to Fed. R. Civ. P. 65(b)(4) to Dissolve the Temporary Restraining Order [**ECF No. 46**] is **DENIED**.

2. Defendants Jason Masri, Automation Industries LLC, and Click Profit Distribution LLC's Partially Unopposed Motion to Modify the Temporary Restraining Order [**ECF No. 56**] is **GRANTED**.

3. Defendants Craig Emslie and Patrick McGeoghean's Partially Unopposed Motion to Modify the Temporary Restraining Order [**ECF No. 57**] is **GRANTED IN PART AND DENIED IN PART**.

4. The Court's *Ex Parte* Temporary Restraining Order with Asset Freeze, Appointment of a Temporary Receiver, and Other Equitable Relief [**ECF No. 15; ECF No. 34**] is **MODIFIED** to:

    a. Release $6,500.00 to Defendant Jason Masri for monthly living expenses for the duration of the Asset Freeze;

    b. Unfreeze the Chase Bank account of nonparty ZYVYO Pharmaceuticals, LLC, once the current balance has been transferred to the Receiver;

    c. Unfreeze the Chase Bank account of the nonparty parents of Defendant Jason Masri;

    d. Release $5,000.00 to Defendant Craig Emslie for monthly living expenses for a period of three months;

    e. Release $7,000 to Defendant Patrick McGeoghean for a period of one month, followed by $6,500 for a period of two months;

    f.   Release $10,000.00 to Akerman, LLP for its representation of Craig Emslie and Patrick McGeoghean;

    g.   Permit Craig Emslie to operate Express Ecom LLC;

    h.   Unfreeze the Mercury bank account and associated credit card of Express Ecom LLC, following the Receiver's withdrawal of any funds therein; and

    i.   Provide Defendants with read only access to operational software.

5. The Receiver shall provide status reports to the Court **every three (3) days** on the status of Defendants' read only access to operational software, **beginning March 29, 2025**.

6. The FTC and the Receiver are **DIRECTED t**o take all actions necessary to release funds and unfreeze accounts, as set forth above.

7. The Temporary Restraining Order as further modified by this Order will remain in effect until the Court rules on the Preliminary Injunction.

**DONE AND ORDERED** in the Southern District of Florida on March 27, 2025.



DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:    counsel of record